NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN A. TANNER I, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> IDAHO DEPARTMENT OF FISH AND GAME; et al., <br><br> Defendants-Appellees. | No. 20-35886 <br><br> D.C. No. 2:18-cv-00456-DCN <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted April 26, 2022**

Before:  D.W. NELSON, FERNANDEZ, and SILVERMAN, Circuit Judges.

Stephen ("Steve") Tanner appeals pro se the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging violations of his First, Fourth, and

Fifth Amendment rights and his rights under the Idaho Constitution.  We review de

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the district court's grant of summary judgment. *Thomas v. Ponder*, 611 F.3d 1144, 1149 (9th Cir. 2010) (citation omitted). We affirm.

The district court properly granted summary judgment for defendants because Tanner failed to raise a genuine dispute of material fact as to whether defendants violated his rights under the federal Constitution or Idaho Constitution. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019) (reasoned that the plaintiff fails to establish a First Amendment retaliation claim based on arrest when probable cause exists and others similarly situated were also arrested.); *United States v. Williams*, 846 F.3d 303, 312 (9th Cir. 2016) (reasoning that searches incident to an arrest are lawful); *United States v. Fraire*, 575 F.3d 929, 932 (9th Cir. 2009) (holding checkpoint stops are constitutional if they are not used as crime control devices and are employed reasonably); *Stoot v. City of Everett*, 582 F.3d 910, 925 n.15 (9th Cir. 2009) (holding plaintiff must demonstrate a statement they made was used in a criminal case to establish a Fifth Amendment violation of their right to remain silent.); *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (reasoning that arrests are valid when probable cause of a crime exists); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (reasoning allegations of excessive force on the basis of handcuffing must be supported by evidence); *State v. Thurman*, 996 P.2d 309, 314-15 (Idaho Ct. App. 1999) (holding Article I, § 17 of the Idaho Constitution provides no greater

protection in these situations than does the Fourth Amendment to the United States Constitution).

The district court did not abuse its discretion in denying Tanner's motion to strike. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018).

The district court did not abuse its discretion in denying Tanner's motion for reconsideration of his motion to compel because Tanner set forth no valid grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion in denying Tanner electronic filing privileges. *See Preminger v. Peake*, 552 F.3d 757, 757, 769 & n.11 (9th Cir. 2008) (setting forth standard of review for a district court's decisions regarding management of its docket).

Tanner's motions to correct the caption (Docket Entry No. 23) and to withdraw his motion at Docket Entry No. 36 (Docket Entry No. 43) are granted. Tanner's motion to strike Docket Entry Nos. 36 and 37 (Docket Entry No. 44) is denied. Tanner's motion to expedite the case (Docket Entry No. 46) is denied as moot. Tanner's motion to certify questions to the Idaho Supreme Court, as set out in his opening brief, is denied.

**AFFIRMED.**

3